Darwin J. Horne, pro se, Huntsville, TX, for Plaintiff-Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Darwin J. Horne, TDCJ–ID # 825876, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust his administrative remedies. Horne argues that he did exhaust his administrative remedies, though his grievances were refused as "untimely" and "inappropriate." We review *de novo* the district court's dismissal of a prisoner's 42 U.S.C. § 1983 complaint for failure to exhaust. *Powe v. Ennis,* 177 F.3d 393, 394 (5th Cir.1999).

We do not consider Horne's appellate arguments that address the district court's dismissal of a prior 42 U.S.C. § 1983 complaint. "A timely filed notice of appeal is a jurisdictional prerequisite" to this court's review. *Dison v. Whitley,* 20 F.3d 185, 186 (5th Cir.1994). Horne did not file a notice of appeal from this prior dismissal.

We also conclude that Horne has failed to show exhaustion of his administrative remedies. The untimely filing of grievances does not excuse the exhaustion requirement. *See Days v. Johnson,* 322 F.3d 863, 867 (5th Cir.2003).

Accordingly, the district court's judgment is AFFIRMED.

**UNITED STATES Of America, Plaintiff–Appellee,**

v.

**Juan DUQUE–CONTRERAS, also known as Juan Dugue–Contreras, Defendant–Appellant.**

No. 02–51409.

Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2003.

---

Joseph H. Gay, Jr., Assistant US Attorney, San Antonio, TX, for Plaintiff-Appellee.

Lucien B. Campbell, Federal Public Defender, Philip J. Lynch, Federal Public Defender's Office, San Antonio, TX, for Defendant-Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.[*]

Juan Duque–Contreras appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Duque–Contreras contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses. He argues that the prior conviction that resulted in his increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. Duque–Contreras maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Duque–Contreras acknowledges that his argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.